### RAPE *v.* GUNN.

SIMMONS, C. J.—While under the evidence the relation between the parties was somewhat uncertain, there was enough testimony to warrant the jury in finding that the defendant was the tenant of the plaintiff, and accordingly to render a verdict in the latter's favor; and such verdict, after its approval by the trial judge, will not be disturbed by this court.          *Judgment affirmed.*
August 12, 1895.

Dispossessory warrant. Before Judge SMITH. Dooly superior court. November term, 1894.

A warrant was sued out to dispossess Rape as a tenant at sufferance of a plantation owned by Gunn. Counter-affidavit was made; and the jury found for the plaintiff. Defendant moved on the general grounds for a new trial, which was denied. The testimony is directly conflicting; it appearing for the plaintiff, that while defendant entered possession under an agreement for sale, the contract was to be closed by the execution of certain papers, which papers defendant afterwards refused to sign, but afterwards on several occasions acknowledged his tenancy under plaintiff. On the other hand, defendant claimed that he entered under a contract of purchase and sale; that he refused to sign the papers because they did not speak the contract; that though he gave a note the first year for "rent," it was

really for interest on the purchase money, the principal of which he was to have five or six years to pay (though he admitted having paid nothing for the second or third year he held possession); and that plaintiff had several times declared that defendant was in possession as a purchaser, etc.

BUSBEE, CRUM & BUSBEE, for plaintiff in error.

D. L. HENDERSON and J. H. HALL, contra.